**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2749-15T3

CAPITAL ONE BANK, N.A.,

    Plaintiff-Respondent,

v.

BROOKE MURPHY,

    Defendant-Appellant.

Argued telephonically November 29, 2017 —
Decided June 7, 2018

Before Judges Simonelli and Haas.

On appeal from Superior Court of New Jersey,
Chancery Division, Sussex County, Docket No.
F-029849-12.

Brooke Murphy, appellant, argued the cause pro
se.

Danielle Weslock argued the cause for
respondent (McCarter & English, LLP,
attorneys; Sheila E. Calello, of counsel and
on the brief; Danielle Weslock, on the brief).

PER CURIAM

In this foreclosure matter, defendant Brooke Murphy appeals

from the March 19, 2014 Chancery Part order entering default, and

the February 29, 2016 order denying his motion to vacate the final judgment entered on March 18, 2015. We affirm.

We derive the following facts from the record. On June 5, 2002, defendant executed an adjustable rate note to Chevy Chase Bank, F.S.B. (CCB) in the amount of $230,000. To secure payment of the note, defendant executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for CCB, on his property located in Green Township (the property). The mortgage was recorded with the Sussex County Clerk's Office on June 14, 2002.

On October 5, 2005, defendant notified CCB that he would no longer pay the mortgage, and has made no payment since then. He also invited CCB to institute a foreclosure action against him. As of February 1, 2006, he was in default under the note. He also defaulted under the terms of the mortgage by failing to pay his real estate taxes on the property, which plaintiff subsequently paid in the amount of $151,206.31. Defendant does not deny any of the above facts.

On October 10, 2006, MERS, as nominee for CCB, filed a foreclosure complaint against defendant after serving him with a notice of intent to foreclose (NOI). After several unsuccessful attempts to personally serve defendant at the property, and after various inquiries and searches confirmed he still resided there,

on November 16, 2006, MERS mailed a copy of the complaint and notice of absent defendant to defendant by regular mail at the property and his post office box in Little Falls (POB). On November 22, 2006, defendant was served by publication and certified and regular mail pursuant to Rule 4:4-5(c).

Defendant did not file an answer or otherwise defend. On February 5, 2007, the court entered default against him. On February 20, 2007, MERS mailed a copy of the notice of default to him at the property and by certified and regular mail. Defendant acknowledged receipt of the documents in correspondence to MERS's attorney, but did not move to vacate the default. On July 30, 2007, the court entered final judgment.

Defendant eventually filed a motion to vacate the final judgment, which the court granted on February 20, 2009, finding the NOI was non-compliant. The court dismissed the complaint without prejudice and permitted MERS to file a new complaint. Thereafter, on April 16, 2009, MERS executed an assignment of mortgage to CCB, which was recorded with the Sussex County Clerk on April 17, 2009. Defendant does not challenge the validity of the assignment.

CCB served a NOI on defendant and subsequently filed a foreclosure complaint on April 27, 2009. After several unsuccessful attempts to personally serve defendant at the

property, and after various inquiries and searches confirmed he still resided there, on August 10, 2009, defendant was served by publication. Prior thereto, in July 2009, CCB merged into plaintiff, making plaintiff the holder of the note and mortgage by operation of law. On April 20, 2012, CCB voluntarily dismissed the complaint without prejudice.

On July 20, 2012, plaintiff served a NOI on defendant at the property and at the POB by certified and regular mail. The certified mail was delivered on August 16, 2012, and the regular mail was not returned.

On December 14, 2012, plaintiff filed a foreclosure complaint. Plaintiff's attorney subsequently filed a certification of inquiry and substituted service. The attorney certified there were several unsuccessful attempts to personally serve defendant at the property, and an inquiry with the United States Postal Service and skip trace and internet searches confirmed defendant resided at the property. The attorney also certified that copies of the summons and complaint were mailed to defendant at the property by certified and regular mail on April 4, 2013, and the certified mail was returned unclaimed, but the regular mail was not returned.

Plaintiff also submitted the process server's certification of attempted service and diligent inquiry. The process server

4

certified that he made three unsuccessful attempts to personally serve defendant at the property, and he observed lights and furniture inside the home, and heard movement inside, but no one answered.

Plaintiff's attorney also filed a certification of inquiry and mailing notice and complaint to absent defendant and publication, certifying that defendant could not be served in New Jersey; a notice to absent defendant was published on July 25, 2013; and the notice and complaint were mailed to defendant at the property on July 25, 2013 by regular mail.

Defendant failed to file an answer or otherwise defend. On January 16, 2014, plaintiff filed a request to enter default and certification of default. Because the motion did not include the full language required by Rule 4:64-9, the Office of Foreclosure could not recommend entry of default at that time and directed plaintiff to refile the motion. Thereafter, the court entered an order of default on March 19, 2014, which noted the Office of Foreclosure had recommended the order.

On April 2, 2014, plaintiff mailed a copy of the default documents to defendant at the property. That same day, plaintiff mailed a notice of intent to apply for final judgment to defendant at the property by certified and regular mail. On February 18, 2015, plaintiff filed a motion for final judgment and served it

on defendant at the property. Defendant did not respond to the motion. On March 18, 2015, the court entered final judgment. On December 16, 2015, the Sussex County Sheriff served defendant at the property with a notice of sale. Defendant admitted he received the notice of sale.

On January 7, 2016, defendant filed a motion to vacate the entry of default and final judgment pursuant to Rule 4:50-1. He argued that plaintiff failed to correct the deficiency in the motion for entry of default, and violated the New Jersey Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73, by not serving him with a NOI.[1] Defendant also argued plaintiff failed to personally serve him with the summons and complaint, and the complaint was time barred by the six-year statute of limitations in N.J.S.A. 2A:14-1, N.J.S.A. 2A:50-56.1(a), and N.J.S.A. 12A:3-118(a). Defendant also challenged the validity of plaintiff's proofs in opposition to his motion.

In a February 29, 2016 written opinion, the motion judge found plaintiff properly served defendant with the summons and complaint pursuant to Rule 4:4-3(a) by certified and regular mail after unsuccessful attempts at personal service at the property. The judge also found plaintiff filed a certification of diligent

---

[1] Defendant did not argue the NOI was non-complaint.

inquiry and substituted service after unsuccessful efforts to personally serve defendant at the property.

The judge found defendant failed to show excusable neglect or meritorious defenses. The judge noted that defendant did not deny the validity of the note and mortgage, his default, and plaintiff's right to foreclose, and admitted making no payments since 2005.

The judge determined the complaint was timely under the twenty-year statute of limitations for foreclosure actions, N.J.S.A. 2A:50-56.1(c). The judge found plaintiff complied with the FFA by mailing the NOI to defendant on July 12, 2012, the NOI conformed with N.J.S.A. 2A:50-56(b), and it was delivered to defendant. The judge concluded defendant failed to provide competent proof supporting his challenge to the mailing of the NOI. The judge also rejected defendant's argument that plaintiff failed to correct the deficiency in the motion for entry of default, finding plaintiff cured the deficiency and its proofs were sufficient to warrant the approval and recommendation of the Office of Foreclosure to enter default. Lastly, the judge found defendant presented no evidence he was capable of curing the default. This appeal followed.

On appeal, defendant reiterates that plaintiff failed to serve him with a NOI, the complaint was barred by the six-year

statute of limitations, and plaintiff failed to properly serve him with the summons and complaint. He adds that the motion judge erred in relying on plaintiff's proofs with respect to service of the NOI, summons and complaint, and motions and orders.

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). "'The trial court's determination under [Rule 4:50-1] warrants substantial deference,' and the abuse of discretion must be clear to warrant reversal." Ibid. (alteration in original) (quoting US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). An abuse of discretion exists when the decision of the lower court "is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467 (citation omitted). The court should not grant the motion unless the defendant's failure to answer or appear was excusable and the defendant has a meritorious defense. Russo, 429 N.J. Super. at 98. "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Ibid. (quoting Guillaume, 209 N.J. at 468).

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are

8 A-2749-15T3

without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We discern no abuse of discretion by the motion judge, and affirm substantially for the reasons set forth in his written opinion. However, we make the following brief comments.

Defendant was indisputably aware of the foreclosure proceedings against him and, in fact, invited a foreclosure action in October 2005, when he refused to make any further payments on the note. He was in default and had made no payment for almost ten years when the court entered final judgment. He presented no evidence whatsoever that he was willing to cure or capable of curing the default. We are satisfied that plaintiff properly served the NOI on defendant, properly served him with the summons and complaint by substituted service, and properly served him with the motion to enter default and motion for entry of final judgment by default.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2749-15T3